David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Attorney for Plaintiffs*

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER, ESQ.
885 Park Avenue # 2A
New York, New York  10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiffs*

*(additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC,<br>DENNIS DONOGHUE,<br>MARK RUBENSTEIN, and<br>REVIVE INVESTING LLC,<br><br>Plaintiffs,<br><br>– v. –<br><br>B. RILEY FINANCIAL, INC.,<br>B. RILEY SECURITIES, INC.,<br>BRF INVESTMENTS, LLC, and<br>B. RILEY PRINCIPAL INVESTMENTS, LLC,<br><br>Defendants,<br><br>– and –<br><br>LAZYDAYS HOLDINGS, INC.,<br><br>Nominal Defendant. | ECF CASE<br><br>No. 23-511<br><br>COMPLAINT FOR RECOVERY<br>OF SHORT-SWING PROFIT<br>UNDER 15 U.S.C. § 78p(b) |

Plaintiffs Calenture, LLC, Dennis Donoghue, Mark Rubenstein, and Revive Investing LLC (collectively, "Plaintiffs"), by their undersigned attorneys, plead for their complaint as follows:

## INTRODUCTION

1. This is an action for disgorgement under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 was the "original and only express 'insider' trading provision[]" of the Act. Richard W. Jennings et al., Securities Regulation: Cases and Materials 1202 (8th ed. 1998). Its purpose is to "prevent[] the unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity securities. *Id.* § 78p(a), (b). It also applies to every beneficial owner of more than 10% of any such class at the times of both purchase and sale of transactions sought to be matched. *Id.* Under Section 16(b), these "insiders" must disgorge to the issuer any profit they realize from any purchase and sale of the issuer's equity securities within a period of less than six months. *Id.* § 78p(b). If an insider fails to disgorge this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Liability under Section 16(b) is strict. The profit from a short-swing transaction must be disgorged "irrespective of any intention on the part of [the insider] in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiffs, all stockholders of Nominal Defendant Lazydays Holdings, Inc. ("Lazydays"), bring this action against four other Lazydays stockholders:

Defendants B. Riley Financial, Inc., B. Riley Securities, Inc., BRF Investments, LLC, and B. Riley Principal Investments, LLC (collectively, "<u>Defendants</u>").

6. While beneficially owning more than 10% of Lazydays' outstanding common stock, Defendants made hundreds of thousands of dollars of recoverable profit from purchases and sales of Lazydays' equity securities. Under Section 16(b) of the Act, this profit is now Lazydays' lawful property, which Defendants are strictly liable to account for and repay.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

8. Venue lies in this District under Section 27 of the Act and 18 U.S.C. § 1401 because certain of the transactions described in paragraph 19 below were executed through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

9. Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located in the Commonwealth of Pennsylvania.

10. Plaintiff Dennis Donoghue is a natural person and a resident of the State of New York.

11. Plaintiff Mark Rubenstein is a natural person and a resident of the State of Rhode Island.

12. Plaintiff Revive Investing LLC is a limited liability company formed under the law of the State of Texas with a principal place of business located therein.

13. Defendant B. Riley Financial, Inc. ("B. Riley Financial") is a corporation formed under the law of the State of Delaware with a principal place of business located in California.

14. Defendant B. Riley Securities, Inc. ("BRS") is a corporation formed under the law of the State of Delaware with a principal place of business located in California. BRS is a direct, wholly owned subsidiary of B. Riley Financial.

15. Defendant BRF Investments, LLC ("BRFI") is a limited liability company formed under the law of the State of Delaware with a principal place of business located in California. BRFI is a direct, wholly owned subsidiary of B. Riley Financial.

16. Defendant B. Riley Principal Investments, LLC ("BRPI") is a limited liability company formed under the law of the State of Delaware with a principal place of business located in California. BRPI is a direct, wholly owned subsidiary of B. Riley Financial.

17. Nominal Defendant Lazydays Holdings, Inc., which Plaintiffs refer to as "Lazydays," is a corporation formed under the law of the State of Delaware with a principal place of business located in Florida. At all relevant times, Lazydays' common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78$l$(b), and was listed

for trading on the Nasdaq Capital Market. This action is brought in the right and for the benefit of Lazydays, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

## FACTS

18. At all times between June 6, 2022 and November 10, 2022 (inclusive of each such date), each of the Defendants beneficially owed more than 10% of the outstanding common stock of Lazydays.

19. Defendants made the following purchases and sales of Lazydays' equity securities:

| Date | Trade | Party | Number of Shares | Price per Share |
|---|---|---|---|---|
| 06/17/22 | Purchase | BRPI | 15,768 | $12.7320 |
| 06/21/22 | Purchase | BRPI | 20,000 | $12.6555 |
| 06/22/22 | Purchase | BRPI | 19,024 | $12.2971 |
| 06/27/22 | Purchase | BRPI | 12,990 | $12.3270 |
| 06/28/22 | Purchase | BRPI | 38,667 | $12.1615 |
| 06/29/22 | Purchase | BRPI | 36,333 | $11.8280 |
| 07/01/22 | Purchase | BRPI | 7,754 | $11.4586 |
| 07/07/22 | Purchase | BRS | 30 | $11.4987 |
| 07/11/22 | Purchase | BRS | 1,925 | $11.5000 |
| 07/12/22 | Purchase | BRS | 2,600 | $11.5000 |
| 07/14/22 | Purchase | BRS | 7,527 | $12.2006 |
| 09/22/22 | Purchase | BRS | 1,635 | $12.7496 |
| 09/23/22 | Purchase | BRS | 7,123 | $12.7500 |
| 09/26/22 | Purchase | BRS | 11,192 | $12.7297 |
| 10/04/22 | Purchase | BRS | 9,663 | $13.0313 |
| 10/05/22 | Purchase | BRS | 101,291 | $12.9577 |

| Date | Trade | Party | Number of Shares | Price per Share |
|---|---|---|---|---|
| 10/06/22 | Purchase | BRS | 80,249 | $12.9208 |
| 10/07/22 | Purchase | BRS | 10,000 | $12.7463 |
| 10/11/22 | Purchase | BRS | 5,866 | $12.6000 |
| 11/10/22 | Sale | BRFI | 698,791 | $14.2000 |
| 11/10/22 | Sale | BRS | 753,546 | $14.2000 |
| 11/10/22 | Sale | BRPI | 247,663 | $14.2000 |

20. Each of BRS, BRFI, and BRPI had a direct pecuniary interest in its own purchases or sales of Lazydays' common stock listed in paragraph 19 above.

21. In addition, B. Riley Financial had an indirect pecuniary interest in all of the purchases and sales listed in paragraph 19 above because B. Riley Financial wholly owned and controlled BRS, BRFI, and BRPI.

22. Defendants realized a total of $621,037.29 in profit, more or less, from the purchases and sales of Lazydays' common stock listed in paragraph 19 above.

23. Defendants publicly disclosed the transactions listed in paragraph 19 above in a series of six Statements of Changes in Beneficial Ownership on Form 4 filed with the U.S. Securities and Exchange Commission between June and November 2022.

24. Each of those statements on Form 4 was signed by B. Riley Financial, BRS, BRFI, and BRPI under penalty of law.

25. The most recent of those statements, filed on November 14, 2022, also disclosed that "[c]ertain of these transactions are matchable transactions under Section 16(b) of the Exchange Act," and "[t]he Reporting Persons will disgorge the full amount of any recoverable profits to the Issuer."

26. Beginning on or about November 14, 2022, Plaintiffs submitted separate written demands through their counsel requesting that Lazydays recover the "short-swing" profit realized by the Defendants from the transactions disclosed in paragraph 19 above.

27. More than 60 days have passed since their demands were made, and Plaintiffs have received no response from Lazydays.

## SOLE CLAIM FOR RELIEF:
## DISGORGEMENT UNDER 15 U.S.C. § 78p(b)
## (AGAINST ALL DEFENDANTS)

28. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-27 above.

29. Section 16(b) of the Securities Exchange Act of 1934, as amended, reads in pertinent part as follows:

> For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit

shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

30. At all relevant times, each Defendant beneficially owned more than 10% of the outstanding common stock of Lazydays and accordingly was subject to Section 16(b) of the Act.

31. While subject to Section 16(b) of the Act, Defendants purchased and sold Lazydays' equity securities as further described herein.

32. The Defendants' sales of Lazydays' equity securities occurred within less than six months of the Defendants' purchases of Lazydays' equity securities.

33. The Defendants' sales of Lazydays' equity securities occurred at higher prices than the Defendants' purchases of Lazydays' equity securities.

34. Each Defendant had a direct or indirect pecuniary interest in each purchase and sale of Lazydays' equity securities described herein.

35. Under the "lowest-in, highest-out" method for computing realized profit pursuant to Section 16(b) of the Act, Defendants realized a recoverable profit estimated at $621,037.29 from their transactions in Lazydays' equity securities described herein.

36. Under Section 16(b) of the Act, the profit realized by Defendants as described in paragraph 35 above inured to Lazydays and remains Lazydays' lawful property, recoverable by Plaintiffs in its stead, Lazydays having failed to seek recovery of the same despite due and timely demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for judgment:

(a) Requiring Defendants to account for and pay over to Lazydays the short-swing profit realized and retained by them in violation of Section 16(b) of the Act in an amount not less than $621,037.29, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiffs such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on every question so triable.

Dated: January 20, 2023

/s/ David Lopez

David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Attorney for Plaintiffs*

/s/ Miriam Tauber

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER, ESQ. (MT-1979)
885 Park Avenue # 2A
New York, New York 10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Attorney for Plaintiffs*

/s/ Daniel E. Doherty

Daniel E. Doherty (DD–2145)
DE DOHERTY LAW OFFICE, LLC
7300 West 100th Street, Suite 930
Overland Park, Kansas 66210
Email: de@ddorherty.net

*Attorney for Plaintiffs*

/s/ James A. Hunter

JAMES A. HUNTER, ESQ. (JH-1910)
42 Stagecoach Road
Pipersville, Pennsylvania 18947
Phone: (484) 437-5935
Email: hunter@hunterkmiec.com

*Attorney for Plaintiffs*